AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| National Photo Group, LLC <br> *Plaintiff(s)* <br><br> v. <br><br> CAMPUS COMMUNICATIONS, INC. <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
CAMPUS COMMUNICATIONS, INC.
1105 W. University Ave.
Gainesville, Florida 32601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States, or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

SANDERS LAW PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
                                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This Summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

[ ] I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

[ ] I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

[ ] I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

[ ] I returned the summons unexecuted because _____ ; or

[ ] Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (985686)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 102942

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| National Photo Group, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CAMPUS COMMUNICATIONS, INC.,<br><br>Defendant(s). | Docket No:<br><br>DEMAND FOR JURY TRIAL<br><br>COMPLAINT FOR:<br>1) COPYRIGHT INFRINGEMENT |

National Photo Group, LLC, by and through its undersigned counsel, states and alleges as follows:

### INTRODUCTION

1. Plaintiff National Photo Group, LLC ("NPGR") provides entertainment-related photojournalism goods and services. In particular, NPGR owns the rights to a multitude of photographs featuring celebrities, which it licenses to online and print publications.

2. NPGR's portfolio of celebrity photographs is the bread and butter of its business.

3. NPGR has obtained U.S. copyright registrations covering many of its photographs, and others are the subject of pending copyright applications.

4. Defendant CAMPUS COMMUNICATIONS, INC. owns and operates a website known as www.alligator.org.

5. Without permission or authorization from NPGR, CAMPUS COMMUNICATIONS,

1

INC. copied, modified, and displayed NPGR's photograph(s) on CAMPUS COMMUNICATIONS, INC.'s website www.alligator.org.

6. CAMPUS COMMUNICATIONS, INC. engaged in this misconduct knowingly and in violation of the United States copyright laws.

7. NPGR has been substantially harmed as a result of CAMPUS COMMUNICATIONS, INC.'s misconduct.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1367(a) in that the state claims are so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy.

9. This Court has personal jurisdiction over CAMPUS COMMUNICATIONS, INC. because CAMPUS COMMUNICATIONS, INC. maintains its principal place of business in Alachua County, Florida and purposely directs substantial activities at the residents of Florida by means of the website described herein.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because CAMPUS COMMUNICATIONS, INC. does business in this Judicial District or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

11. NPGR is a California Limited Liability Company and maintains its principal place of business in Los Angeles County, California.

12. On information and belief, CAMPUS COMMUNICATIONS, INC., a Corporation with a principal place of business in Alachua County, Florida is liable and responsible to Plaintiff based on the facts herein alleged.

2

## FACTUAL ALLEGATIONS

### NPGR's Business

13. NPGR Provides entertainment-related photojournalism goods and services. In particular, NPGR owns the rights to a multitude of photographs which it licenses to online and print publications.

14. NPGR has invested significant time and money in building its photograph portfolio.

### NPGR's Copyrights

15. NPGR has obtained U.S. copyright registrations covering many of its photographs, and others are the subject of pending copyright applications.

16. NPGR's photographs are original, creative works in which NPGR owns protectable copyright interests.

17. NPGR owns several active and valid copyright registrations with the United States Copyright Office (the "USCO"), which registrations cover NPGR's photographs.

18. NPGR also has filed several copyright applications with the USCO, which are presently pending.

19. NPGR applied for and received [a] copyright registration(s) for a collection(s) of photographs, which included the photograph(s) annexed hereto as Exhibit(s) "1" (the "Photograph(s)").

### CAMPUS COMMUNICATIONS, INC.'s Website

20. On information and belief, CAMPUS COMMUNICATIONS, INC. is the registered owner of the website located at www.alligator.org (the "Website"). On information and belief, CAMPUS COMMUNICATIONS, INC. operates the Website and is responsible for all Website content.

21. The Website provides, *inter alia*, articles, photographs and other information regarding celebrities.

22. The Website is monetized in that it contains paid advertisements. On information and belief, CAMPUS COMMUNICATIONS, INC. profits from these activities.

### CAMPUS COMMUNICATIONS, INC.'s Misconduct

23. Without permission or authorization from NPGR, CAMPUS COMMUNICATIONS, INC. copied, modified, and/or displayed the Photograph(s) on the Website, in violation of NPGR's

3

copyrights. See Exhibit "1" annexed hereto.

24. On information and belief, the Photograph(s) were copied from the website(s) of NPGR's Clients and reposted on the Website without license or permission, thereby infringing on the Copyrights (the "Infringement(s)").

25. On information and belief, CAMPUS COMMUNICATIONS, INC. was aware of facts or circumstances from which the Infringement(s) was/were apparent. Based on this totality of circumstances, CAMPUS COMMUNICATIONS, INC. cannot claim that it is not aware of the widespread infringing activities, including the Infringement(s), on the Website. Such a claim would amount to willful blindness to the Infringement(s) on the part of CAMPUS COMMUNICATIONS, INC..

26. On information and belief, CAMPUS COMMUNICATIONS, INC. engaged in the Infringement(s) knowingly and in violation of United States copyright laws.

27. On information and belief, CAMPUS COMMUNICATIONS, INC. has received a financial benefit directly attributable to the Infringement(s). Specifically, by way of the Infringement(s), CAMPUS COMMUNICATIONS, INC. increased traffic to the Website and, in turn, realized an increase in, its advertising revenues and/or merchandise sales.

28. As a result of CAMPUS COMMUNICATIONS, INC.'s misconduct, NPGR has been substantially harmed.

## FIRST COUNT

### (Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

29. NPGR repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

30. The Photograph(s) are original, creative works in which NPGR owns protectable copyright interests.

31. NPGR has not licensed CAMPUS COMMUNICATIONS, INC. to use the Photograph(s) in any manner, nor has NPGR assigned any of its exclusive rights in the Copyrights to CAMPUS COMMUNICATIONS, INC..

32. Without permission or authorization from NPGR and in willful violation of NPGR's rights under 17 U.S.C. §106, CAMPUS COMMUNICATIONS, INC. reproduced the Photograph(s).

33. On information and belief, without permission or authorization from NPGR and in willful violation of NPGR's rights under 17 U.S.C. § 106, CAMPUS COMMUNICATIONS, INC. displayed the Photograph(s) on the Website.

34. CAMPUS COMMUNICATIONS, INC.'s reproduction of the Photograph(s) and display of the Photograph(s) on the Website constitutes copyright infringement.

35. On information and belief, thousands of people have viewed the unlawful copies of the Photograph(s) on the Website.

36. On information and belief, CAMPUS COMMUNICATIONS, INC. had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction and display of NPGR's copyrighted material.

37. CAMPUS COMMUNICATIONS, INC.'s copyright infringement has damaged NPGR in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** NPGR respectfully requests judgment as follows:

1. That the Court enter a judgment finding that CAMPUS COMMUNICATIONS, INC. has infringed on NPGR's Copyrights in the Photograph(s) in violation of 17 U.S.C. § 501 et seq.;

2. That the Court award damages and monetary relief as follows:

    a. Statutory damages against CAMPUS COMMUNICATIONS, INC. pursuant to 17 U.S.C. § 504(c) of $150,000 per infringement or in the alternative NPGR's actual damages and CAMPUS COMMUNICATIONS, INC.'s wrongful profits in an amount to be proven at trial;

    b. NPGR's attorneys' fees pursuant to 17 U.S.C. § 505;

    c. NPGR's costs; and

3. Such other relief that the Court determines is just and proper.

DATED: August 1, 2013

**SANDERS LAW, PLLC**

/s/ Craig B. Sanders
Craig B. Sanders, Esq. (985686)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.:102942

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial of this action by jury.

DATED: August 1, 2013

                        **SANDERS LAW, PLLC**

                        /s/ Craig B. Sanders
                        Craig B. Sanders, Esq. (985686)
                        100 Garden City Plaza, Suite 500
                        Garden City, New York 11530
                        Telephone: (516) 203-7600
                        Facsimile: (516) 281-7601
                        csanders@sanderslawpllc.com
                        *Attorneys for Plaintiff*
                        File No.:102942